**Mississippi Electronic Courts**
**Nineteenth Circuit Court District (Jackson Circuit Court)**
**CIVIL DOCKET FOR CASE #: 30CI1:25-cv-00195-KM**

HUDSON v. LOWE'S HOME CENTERS, LLC
Assigned to: Keith Miller

**Upcoming Settings:**

None Found

Date Filed: 09/02/2025
Current Days Pending: 14
Total Case Age: 14
Jury Demand: None
Nature of Suit: Premises Liability (187)

---

**Plaintiff**

**CHRISTOPHER JOSEPH HUDSON**                    represented by **Michael Fondren**
                                                Michael L. Fondren, P.C.
                                                906 Convent Avenue
                                                PASCAGOULA, MS 39567
                                                228-762-5110
                                                Fax: 228-769-5110
                                                Email: mlfondren@hotmail.com
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LOWE'S HOME CENTERS, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2025 | 1 | Civil Cover Sheet. (Bishop, Sydney) (Entered: 09/02/2025) |
| 09/02/2025 | 2 | COMPLAINT against LOWE'S HOME CENTERS, LLC, filed by CHRISTOPHER JOSEPH HUDSON. (Bishop, Sydney) (Entered: 09/02/2025) |
| 09/02/2025 | 3 | SUMMONS Issued to LOWE'S HOME CENTERS, LLC. (Bishop, Sydney) (Entered: 09/02/2025) |
| 09/02/2025 | 4 | PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT . (Bishop, Sydney) (Entered: 09/02/2025) |
| 09/04/2025 | 5 | SUMMONS Returned Executed by CHRISTOPHER JOSEPH HUDSON. LOWE'S HOME CENTERS, LLC served on 9/3/2025, answer due 10/3/2025. Service type: Personal (Fondren, Michael) (Entered: 09/04/2025) |

---

| | MEC Service Center | |
|---|---|---|
| | **Transaction Receipt** | |
| | 09/16/2025 15:20:44 | |
| | **You will be charged $0.20 per page to view or print documents.** | |
| **MEC Login:** | jg100364M | **Client Code:** | 22464.00150 |
| **Description:** | Docket Report | **Search Criteria:** | 30CI1:25-cv-00195-KM |
| **Billable Pages:** | 1 | **Cost:** | 0.20 |

**EXHIBIT "1"**

Case: 30CI1:25-cv-00195-KM    Document #: 1    Filed: 09/02/2025    Page 1 of 2

| **COVER SHEET** | **Court Identification Docket #** | | **Case Year** | **Docket Number** |
|---|---|---|---|---|
| **Civil Case Filing Form** | 3 0 | 1 9 C I | 2 0 2 5 | 0 0 1 9 5 |
| *(To be completed by Attorney/Party* | County # | Judicial | | |
| *Prior to Filing of Pleading)* | District | Court ID (CH, CI, CO) | | Local Docket ID |
| | 0 9 0 2 2 5 | | | |
| Mississippi Supreme Court   Form AOC/01 | Month   Date   Year | | | |
| Administrative Office of Courts   (Rev 2020) | This area to be completed by clerk | | | Case Number if filed prior to 1/1/94 |

| In the CIRCUIT ▼ | Court of JACKSON | ▼ County — | Judicial District |
|---|---|---|---|

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  HUDSON                    CHRISTOPHER                                      J

       Last Name                    First Name               Maiden Name, if applicable        M.I.      Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity

    D/B/A or Agency _____

Business _____

    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:

    D/B/A _____

Address of Plaintiff  906 CONVENT AVENUE, PASCAGOULA, MS 39567

Attorney (Name & Address)  MICHAEL L. FONDREN, 906 CONVENT AVENUE, PASCAGOULA, MS 39567   **MS Bar No. 8941**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____

       Last Name                    First Name               Maiden Name, if applicable        M.I.      Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:

    D/B/A or Agency _____

Business  LOWE'S HOME CENTERS

    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:

    D/B/A _____

Attorney (Name & Address) - If Known _____   MS Bar No. _____

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Declaratory Judgment | [X] Premises Liability |
| [ ] Other | [ ] Will Contest | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [ ] Other |

Additional top-right boxes:
- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

**EXHIBIT "1"**

Case: 30CI1-25-cv-00195-RM    Document #: 1    Date Filed: 09/02/2025    Page 2 of 2

CIRCUIT - CIVIL    HANDED ☒
No. 44477            MAILED ☐

Received Of _Andy Citrin injury attorneys, P.C._

Cause No. _25 - 195_

For: Clerk's Fees .......................... $55.00
JSO Fund .............................. $40.00
Steno Tax ............................. $10.00
Jury Tax ............................... $3.00
Law Library ........................... $2.50
SCEF ................................... $2.00
Court Adm. Fund ................... $2.00
CECSF ................................ $10.00
CLAF ................................... $5.00
SCCF ................................... $0.50
RM FEE ................................ $1.00
Copy of Summons Return ......
Other Advance Cost ..............
TOTAL ............................... $ _161_

Total
Amount Paid $ _161.00_

Check
No. _13946_

For _New complaint_

**RANDY CARNEY**
CIRCUIT CLERK OF JACKSON COUNTY

By _____
DEPUTY CIRCUIT CLERK

**EXHIBIT "1"**



## CSC

**Notice of Service of Process**

**LDD / ALL**
**Transmittal Number: 32184897**
**Date Processed: 09/03/2025**

| | |
|---|---|
| **Primary Contact:** | Emily Faries<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers |
| **Title of Action:** | Christopher Joseph Hudson vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Christopher Joseph Hudson vs. Lowe's Home Centers, LLC (17837810) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Jackson County Circuit Court , MS |
| **Case/Reference No:** | 25-195 |
| **Jurisdiction Served:** | Mississippi |
| **Date Served on CSC:** | 09/02/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Andy Citrin Injury Attorneys, P.C.<br>228-888-8822 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT "1"**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

CHRISTOPHER JOSEPH HUDSON     *
     Plaintiff                   *
                                *

vs.                                 *    **Case No.**    25-195 (km)
                                *

LOWE'S HOME CENTERS, LLC      *
     Defendant.                 *

### SUMMONS

**THE STATE OF MISSISSIPPI**

     **TO:**    **LOWE'S HOME CENTERS**      or wherever they may be found
            **c/o CT Corporation System of Mississippi**
            **109 Executive Drive, Suite 3**
            **Madison, MS 39110**

### NOTICE TO DEFENDANT

     **THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

     You are required to mail or hand deliver a copy of a written response to the Complaint to MICHAEL L. FONDREN, attorney for the Plaintiff, whose address is 906 Convent Avenue, Pascagoula, MS 39567. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

     You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

     ISSUED under my hand and the seal of said Court this the 2 day of September 2025.

                                          **RANDY CARNEY**
                            CIRCUIT CLERK, JACKSON CO., MS
                                    P. O. BOX 998
                             PASCAGOULA, MS 39568

                         BY: _____ D.C.

**EXHIBIT "1"**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

CHRISTOPHER JOSEPH HUDSON    *
     Plaintiff    *
   *
vs.    *    Case No.   __25-195__
   *
LOWE'S HOME CENTERS, LLC    *
     Defendant.    *

**FILED**

SEP 02 2025

RANDY CARNEY, CLERK
BY_____ D.C.

### COMPLAINT

COMES NOW Plaintiff, CHRISTOPHER JOSEPH HUDSON, by and through his undersigned attorney, Michael L. Fondren of Andy Citrin Injury Attorneys, P.C., and sues the Defendant, LOWE'S HOME CENTERS, LLC, and states the following, to-wit:

### PARTIES

#### I.

At all times material and hereinafter mentioned, Plaintiff, CHRISTOPHER JOSEPH HUDSON was a resident citizen of Jackson County, Mississippi.

#### II.

At all times material and hereinafter mentioned, that Defendant, LOWE'S HOME CENTERS, LLC was doing business in Jackson County, Mississippi.

### JURISDICTION

#### III.

Venue is proper in this Court because the subject accident occurred at in Jackson County, Mississippi at Lowe's Store #2700 in Gautier, Mississippi.

### FACTUAL BACKGROUND

#### IV.

That on or about April 9, 2025, Plaintiff, CHRISTOPHER JOSEPH HUDSON, was

1

EXHIBIT "1"

shopping at Lowe's Store #2700, when he tripped and fell over a cable used to secure riding lawnmowers on display. The cable was the same color as the paint on the concrete and therefore hard to see and was a tripping hazard.

**V.**

As a result of accident, CHRISTOPHER JOSEPH HUDSON, suffered serious injuries.

**VI.**

Upon information and belief, on or about April 9, 2025, CHRISTOPHER JOSEPH HUDSON, was lawfully on the premises as a patron located at 3200 US-90 in Gautier, Mississippi.

**VII.**

Upon information and belief, on the aforementioned date, the cable used to prevent theft or unauthorized movement of riding mowers on display was not properly marked and did not have warning signage, thus creating a tripping hazard. The yellow cable blended in with the yellow paint on the concrete. The cable was not laying on the ground and therefore was a tripping hazard.

**XI.**

The aforesaid accident on the premises occurred solely and as a result of the fault, negligence and carelessness of the Defendant. The Defendant failed to mark or place warning signage to warn customers of the dangerous condition (tripping hazard).

**COUNT ONE**

**NEGLIGENCE**

**XII.**

Plaintiff hereby adopts each and every paragraph preceding Count One of this Complaint

2

EXHIBIT "1"

and makes same a part of this Count.

### XIII.

Following and as a result of the negligence, carelessness and recklessness of the Defendant, LOWE'S HOME CENTERS, LLC caused and/or contributed to the injuries of CHRISTOPHER JOSEPH HUDSON, negligently failed to provide a safe environment and display. LOWE'S HOME CENTERS, LLC, failed to maintain the premises in a reasonably safe condition and failed to inspect the premises from time-to-time in a reasonable effort to discover and remedy defects that made the premises unsafe.

### XIV.

As a direct and proximate result of the negligence of Defendant, LOWE'S HOME CENTERS, LLC, Plaintiff, CHRISTOPHER JOSEPH HUDSON, suffered severe physical injuries, pain and suffering, mental anguish, incurred medical bills, and is allowed any and all other damages allowable under Mississippi Law.

### XV.

Accordingly, the Plaintiff should be awarded compensatory punitive damages and/or any other damages from and against the Defendant in an amount allowable by law under Mississippi law, plus all taxable costs.

### COUNT TWO

### GROSS NEGLIGENCE

### XVI.

Allowing a hidden danger such as a low-hanging cable not properly marked or flagged as a tripping hazard and without warning signs or caution tape is gross negligence. As a result of this negligence, a tripping hazard was created, and the Defendant must pay the Plaintiff punitive

3

EXHIBIT "1"

damages as allowable per Mississippi Law.

## DAMAGES

### XVII.

As a proximate consequence of the aforesaid negligence and gross negligence, Plaintiff, CHRISTOPHER JOSEPH HUDSON, suffered severe physical injuries, pain and suffering, mental anguish, incurred medical bills and expenses related to his injuries.

WHEREFORE, Plaintiff, CHRISTOPHER JOSEPH HUDSON, requests this Honorable Court enter judgment against Defendant, LOWE'S HOME CENTERS, LLC in such sum as determined by a jury to be just, reasonable, and adequate under the circumstances, plus all taxable costs under Mississippi Law. Plaintiffs also request punitive damages as set by a jury under Mississippi Law.

Respectfully submitted this the 29th day of August, 2025.

**PLAINTIFFS REQUEST TRIAL BY JURY.**

*/s/ Michael L. Fondren*
MICHAEL L. FONDREN (MSB#8941)
Andy Citrin Injury Attorneys P.C.
906 Convent Avenue
Pascagoula, MS 39567
Telephone: (228) 888-8822
Facsimile: (251) 888-8000
Michael@citrinlaw.com

4

**EXHIBIT "1"**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

CHRISTOPHER JOSEPH HUDSON     *
     Plaintiff                 *

                          *

vs.                            *    Case No.    25-195

                          *                  **FILED**

LOWE'S HOME CENTERS, LLC      *

     Defendant.              *                SEP 0 2 2025

                               RANDY CARNEY, CLERK

                           BY_____ D.C.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW Plaintiff, **CHRISTOPHER JOSEPH HUDSON,** by and through his attorney of record, Michael L. Fondren, of Andy Citrin Injury Attorneys, P.C., and propounds his First Interrogatories and Requests for Production of Documents to Defendant, as follows, to wit:

### INTERROGATORIES

COMES NOW, the Plaintiff in the above styled cause and propounds the following Interrogatories pursuant to Miss. R. Civ. P. 26 to Defendant.

INTERROGATORY NO. 1: Please state the full legal name, corporate structure, and principal business address of Lowe's Home Centers, LLC.

INTERROGATORY NO. 2: Please identify the manager and assistant manager on duty at the subject store on the date of the incident.

INTERROGATORY NO. 3: Please state the names, job titles, and duties of all employees involved in the placement or maintenance of the cable or other equipment securing the lawnmowers at the time of the incident.

INTERROGATORY NO. 4: Describe in detail the purpose and installation procedure of the cable used to secure lawnmowers at the subject location.

**EXHIBIT "1"**

INTERROGATORY NO. 5: State whether warning signs, barrier markings, flags, or caution tape were used in or around the area of the cable. If so, describe their appearance and exact location.

INTERROGATORY NO. 6: Identify and describe any written policies or procedures in effect on the date of the incident regarding the display or securing of lawnmowers or large outdoor equipment.

INTERROGATORY NO. 7: State whether Lowe's has received any complaints, reports, or incident claims involving cables or tripping hazards in customer areas in the last five (5) years.

INTERROGATORY NO. 8: Describe the safety inspection protocol in place for the premises, including how frequently walkways and displays are inspected for hazards.

INTERROGATORY NO. 9: State whether any video surveillance exists of the area where the incident occurred. If so, identify the recording equipment, timeframe of footage, and whether the footage has been preserved.

INTERROGATORY NO. 10: Identify the person(s) responsible for maintaining safety on the day of the Plaintiff's fall in the outdoor or equipment display areas at the store during the week of the incident.

INTERROGATORY NO. 11: State the name, address and telephone number of all persons known to you, your attorneys or anyone acting on your behalf who: (a) were, or claimed to have been, eyewitnesses to the accident which is the subject of Plaintiffs' Complaint; (b) have, or claim to have, knowledge of any events leading up to or following the accident which is the subject of Plaintiffs' Complaint; and (c) may be called as a witness at trial of this cause.

EXHIBIT "1"

INTERROGATORY NO. 12: If it is the contention or allegation of LOWE'S HOME CENTERS, LLC that CHRISTOPHER JOSEPH HUDSON, by any act or omission, caused or contributed to cause his injuries, please state in detail each act or omission by him which is contended or alleged to cause, or attributed to cause, his injuries.

INTERROGATORY NO. 13: Please state any facts on which you rely as tending to show any negligence or lack of care of any kind on the part of CHRISTOPHER JOSEPH HUDSON.

INTERROGATORY NO. 14: Are you or your attorney aware of the existence of any written or recorded statements made by or for any party or witness pertaining to the facts of this case? If so, please state: (a) the name of each person making the statement; (b) the date of the statement; (c) the name, employer, occupation, last known address and telephone number of the person or persons making this statement; and (d) the name, last known address and telephone number of the person now in possession of the original statement or a copy of it.

INTERROGATORY NO. 15: State the name, address and telephone number of each person you or your attorney expect to call as an expert witness at trial, and for each such person state: (a) the subject matter on which the expert is expected to testify; (b)the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion; (c) the expert's field of specialization and a description of his/her formal education, training and experience.

INTERROGATORY NO. 16: Was an investigation conducted by you or on your behalf concerning the accident as described in the Complaint? If so, please state: (a) the name, address, telephone number and occupation of each and every person conducting such investigation; (b) the date on which each investigation was conducted; and (c) the name, address and telephone

number of each and every person having custody of each report made concerning each investigation at the scene.

INTERROGATORY NO. 17: Were any photographs or videotapes (or any videos of the fall or the Plaintiff before or after the fall that day) made or taken with respect to the scene of the incident or were any person, including you, involved in the incident as described in the Complaint? If so, please state: (a) what is depicted in each photograph or videotape; (b) the name, address and telephone number of the person who took each photograph or videotape; (c) the date each photograph and/or videotape was taken; and (d) the name, address and telephone number of the person now having custody of each photograph or videotape.

INTERROGATORY NO. 18: State whether you have been a party to any legal proceeding, other than the subject one, either before or after the subject incident specifically within the last five (5) years related to a similar subject accident at Lowe's Home Centers, LLC. If the answer is in the affirmative, provide the cause number, style, court, agency or other forum in which you were a party and, to the best of your recollection, state the date on which the action was filed, commenced and/or terminated.

INTERROGATORY NO. 19: Identify each document or tangible item which you contend contains information relevant to any fact, transaction or occurrence which you contend supports or gives rise to the allegations of the Complaint or Answer, identifying the basic facts or allegations you contend each identified document or tangible item supports or documents.

INTERROGATORY NO. 20: State any and all facts on which you base each of your affirmative defenses.

INTERROGATORY NO. 21: Identify all documents relied upon in responding to these Interrogatories.

EXHIBIT "1"

INTERROGATORY NO. 22: Identify all persons by name, address, telephone number and place of employment who assisted you in responding to these Interrogatories and identify the respective role of each person.

INTERROGATORY NO. 23: Describe in detail your policies and procedures for inspecting, maintaining and repairing the area where the accident occurred, which is the subject of this Complaint.

INTERROGATORY NO. 24: Describe the training all your employees have received within the last twenty years in inspecting, maintaining and repairing the display or securing of lawnmowers or large outdoor equipment.

INTERROGATORY NO. 25: Were any warning signs, caution tape, or other devices present on or near and at the time where the accident which is the subject of this Complaint occurred? If yes, describe in detail: 1. what type of warning device was displayed; 2. where the warning device was located; 3. when and for how long the warning device was displayed; and 4. The purpose for the warning device.

INTERROGATORY NO. 26: Describe all warnings or cautions you used to notify customers of the unsafe conditions near the display of lawnmowers or large outdoor equipment.

## PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: All documents and things you or your attorney referred to, inspected, reviewed or relied upon in any manner in preparing your response to Plaintiff's First Set of Interrogatories or which in any way support your responses to such Interrogatories.

REQUEST FOR PRODUCTION NO. 2: All statements taken by you or on your behalf from any and all parties or other persons with knowledge concerning the facts of this action.

REQUEST FOR PRODUCTION NO. 3: All photographs, slides, motion pictures, video pictures, or other visual portrayals made of the scene of the incident either prior to, at the time of, or subsequent to the subject incident as described in the complaint (including all videos of my client at Lowe's on the day of his fall).

REQUEST FOR PRODUCTION NO. 4: Produce all documents, incident reports, internal memos, customer complaints, or employee statements pertaining to cables in the lawnmower area related to the alleged incident on April 9, 2025, which is the subject of this Complaint.

REQUEST FOR PRODUCTION NO. 5: All diagrams or layouts, photographs, slides, or other visual portrayals made of the stores outdoor display area where the lawnmowers or cables were located either prior to, at the time of, or subsequent to the subject incident as described in the Complaint.

REQUEST FOR PRODUCTION NO. 6: All maintenance or safety inspection records for the subject area where the incident occurred for the 30 days preceding the incident.

REQUEST FOR PRODUCTION NO. 7: Any contracts, work orders, or agreements with third-party vendors or contractors responsible for setting up or maintaining the equipment display where the incident occurred.

REQUEST FOR PRODUCTION NO. 8: All documents identifying employees or staff members who were assigned to work in or supervise the outdoor/lawn equipment area on the date of the incident.

REQUEST FOR PRODUCTION NO. 9: All prior claims, complaints, or incident reports involving trip hazards, cables, or similar display-related injuries at any Lowe's store within the past five (5) years.

**EXHIBIT "1"**

REQUEST FOR PRODUCTION NO. 10: Preservation notices, emails, or directives instructing employees to retain evidence or materials related to the Plaintiff's claim.

REQUEST FOR PRODUCTION NO.11: All documents, tangible things or other demonstrative evidence that you intend to offer or use at the trial of this case, including for any impeachment purposes.

REQUEST FOR PRODUCTION NO. 12: All reports, notes or other documents prepared by any expert employed by you or on your behalf concerning the incident, the incident scene, the cause of the incident as described in the Complaint, and any materials relied upon by such expert in formulating his or her opinion.

REQUEST FOR PRODUCTION NO. 13: Copies of any signage, warnings, or markers that were placed in or around the area of the incident at the time it occurred.

REQUEST FOR PRODUCTION NO. 14: Produce all documents, which support the facts and responses in your Answer to the Complaint.

REQUEST FOR PRODUCTION NO. 15: Produce a copy of policies, practices and procedures for inspecting, maintaining or repairing the cables or other equipment used for securing lawnmowers or outdoor equipment.

REQUEST FOR PRODUCTION NO. 16: Produce all written policies, procedures, or training materials regarding customer safety, equipment displays, and the use of cables or barriers at any Lowe's location.

REQUEST FOR PRODUCTION NO. 17: Produce all maintenance or safety inspection records, documents, or logs related to the subject incident involving the cables or securing of lawnmowers or outdoor equipment.

EXHIBIT "1"

REQUEST FOR PRODUCTION NO. 18: Any and all insurance agreements or policies which any person or entity carrying any insurance coverage may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

REQUEST FOR PRODUCTION NO. 19: All diaries, calendars and/or other similar documents kept by you or anyone on your behalf to record any of the events which are relevant to the allegations in the subject Complaint.

REQUEST FOR PRODUCTION NO. 20: Any and all reports and investigations of the subject incident.

REQUEST FOR PRODUCTION NO. 21: Any and all reports, investigation, inspections, repairs or history of the cables or equipment used to secure lawnmowers and outdoor equipment where this incident occurred.

REQUEST FOR PRODUCTION NO. 22: Any records of reports reflecting the action taken by you regarding the repairs or history of the cables or equipment used to secure lawnmowers or outdoor equipment. If none taken, why not?

REQUEST FOR PRODUCTION NO. 23: Provide copies of Diaries, Inspection Forms, Weekly, Monthly, and Annual Inspection Logs, Forms or computer listings showing the inspections which LOWE'S HOME CENTERS, LLC is required to make on outdoor equipment. Provide the completed forms with dates, location, inspector comments, for the subject area where Plaintiff was injured for past 10 years.

REQUEST FOR PRODUCTION NO. 24: Provide copy of the instructions to LOWE'S HOME CENTERS, LLC employees including classroom training material which described to each employee what they were to document, photograph, video, log, or visual observations of the

subject area and all other means which LOWE'S HOME CENTERS, LLC used or should have used to prevent the tragedy at this location.

REQUEST FOR PRODUCTION NO. 25: Provide copies of all sent and received emails pertaining to this incident.

*You may comply with these Requests for Production of Documents by delivering the aforesaid items, documents and things to the offices of the undersigned or by notifying the undersigned that said items and things are available for inspection and copying at a reasonable time and place.*

**I respectfully request that all documents produced in response to the above Requests for Production of Documents be bates stamped/labeled and that the Responses to the Requests for Production of Documents above identify the responsive documents by said bates stamps/labels.**

Respectfully submitted,

ANDY CITRIN INJURY ATTORNEYS, P.C.
*Attorney for David Cedric Catchings, Plaintiff*

BY:     */s/Michael L. Fondren*
Michael L. Fondren, MSB # 8941
Andy Citrin Injury Attorneys, P.C.
906 Convent Avenue
Pascagoula, MS 39567
(228)888-8822 Telephone
(251)888-8000 Facsimile
michael@citrinlaw.com

**EXHIBIT "1"**

## INSTRUCTIONS

1.    You are requested to furnish all information in your possession and all information available to you, not merely such information as is of your own personal knowledge but also all knowledge that is available to you through employees, officers, directors, and agents by reasonable inquiry, including inquiry of your representatives and attorneys.

2.    The term "identify" or "identified" when used with reference to a document shall mean to provide so much of the following information about said document as is known to you or reasonably ascertainable by you:

   a.   The date of such document.

   b.   The author of such document.

   c.   The recipient of such document.

   d.   All addressee(s) and the address(es) to whom the document was sent (if any).

   e.   The name of the present custodian of the document.

   f.   The address of the present whereabouts of the document.

   g.   A detailed summary of the subject matter of such document.

   h.   A complete listing of any document or recording which was attached to, referred to or was the subject matter of said document.

   i.   A statement as to whether such document has ever been produced or disclosed by you.

   j.   If you assert any privilege with respect to said document, a statement of the factual and legal basis for said assertion of privilege, with the same clarity and in the same detail that you would present such assertion of privilege to the court in defense of said privilege.

**EXHIBIT "1"**

3.    The word "document", whether used in the singular or plural, when used herein shall be interpreted in its broadest sense, and shall include any original, reproduction or copy of any kind of writing or documentary material, including without limitation, correspondence, letters, memoranda, interoffice communications, e-mail, notes, diaries, contracts, drawings, plans, specifications, fax communications, shipping records, bills of lading, minutes of meetings, invoices, billings, checks, reports, studies, articles, books, telegrams, notes of telephone conversations, computer discs, computer tapes and any other physical recordation of any and all communications and every other means of recording or preserving any tangible information, which employs the use of letters, words, pictures, symbols or any combination thereof.

4.    If you are unable to answer any of the following interrogatories or requests for production completely, you should answer to the extent possible and should state, in detail, the reason that your answer is incomplete or the reason that you are unable to answer the question(s) or produce the requested documents or records.

5.    The Plaintiff also hereby makes a demand for the supplementation of all responses to these Interrogatories and Requests for Production required in accordance to the *MS Civil Rules of Procedure*. Specifically, the Defendant is under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect as made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment. Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days of receipt of such information.

6.    Plaintiff(s) also HEREBY REQUEST THAT ALL DOCUMENTS PRODUCED IN RESPONSE TO THE FOLLOWING INTERROGATORIES AND REQUESTS FOR

PRODUCTION BE BATES STAMPED; AND, FOR EACH INTERROGATORY ELICITING A RESPONSE WHICH REFERS TO ANY DOCUMENT THAT THE RESPONSIVE DOCUMENTS BE IDENTIFIED BY REFERRING TO THEIR RESPECTIVE BATES STAMP NUMBERS.

**EXHIBIT "1"**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| **CHRISTOPHER JOSEPH HUDSON**<br>    **Plaintiff** | * | |
| | * | |
| | * | |
| **vs.** | * | **Case No.**   25-195 (km) |
| | * | |
| **LOWE'S HOME CENTERS, LLC**<br>    **Defendant.** | * | |
| | * | |

### SUMMONS

**THE STATE OF MISSISSIPPI**

> **TO:    LOWE'S HOME CENTERS**          **or wherever they may be found**
> **c/o CT Corporation System of Mississippi**
> **109 Executive Drive, Suite 3**
> **Madison, MS 39110**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to MICHAEL L. FONDREN, attorney for the Plaintiff, whose address is 906 Convent Avenue, Pascagoula, MS 39567. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court this the 2 day of September 2025.

**RANDY CARNEY**
CIRCUIT CLERK, JACKSON CO., MS
P. O. BOX 998
PASCAGOULA, MS 39568

BY: _____ D.C.

**EXHIBIT "1"**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**CHRISTOPHER JOSEPH HUDSON**
    **Plaintiff**

**vs.**                                        Case No.   25-195

**LOWE'S HOME CENTERS, LLC**
    **Defendant.**

**FILED**

SEP 0 2 2025

RANDY CARNEY, CLERK

BY_____ D.C.

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

COMES NOW Plaintiff, **CHRISTOPHER JOSEPH HUDSON,** by and through his

attorney of record, Michael L. Fondren, of Andy Citrin Injury Attorneys, P.C., and propounds his

First Interrogatories and Requests for Production of Documents to Defendant, as follows, to wit:

### INTERROGATORIES

COMES NOW, the Plaintiff in the above styled cause and propounds the following

Interrogatories pursuant to Miss. R. Civ. P. 26 to Defendant.

INTERROGATORY NO. 1: Please state the full legal name, corporate structure, and

principal business address of Lowe's Home Centers, LLC.

INTERROGATORY NO. 2: Please identify the manager and assistant manager on duty at

the subject store on the date of the incident.

INTERROGATORY NO. 3: Please state the names, job titles, and duties of all employees

involved in the placement or maintenance of the cable or other equipment securing the

lawnmowers at the time of the incident.

INTERROGATORY NO. 4: Describe in detail the purpose and installation procedure of

the cable used to secure lawnmowers at the subject location.

**EXHIBIT "1"**

INTERROGATORY NO. 5: State whether warning signs, barrier markings, flags, or caution tape were used in or around the area of the cable. If so, describe their appearance and exact location.

INTERROGATORY NO. 6: Identify and describe any written policies or procedures in effect on the date of the incident regarding the display or securing of lawnmowers or large outdoor equipment.

INTERROGATORY NO. 7: State whether Lowe's has received any complaints, reports, or incident claims involving cables or tripping hazards in customer areas in the last five (5) years.

INTERROGATORY NO. 8: Describe the safety inspection protocol in place for the premises, including how frequently walkways and displays are inspected for hazards.

INTERROGATORY NO. 9: State whether any video surveillance exists of the area where the incident occurred. If so, identify the recording equipment, timeframe of footage, and whether the footage has been preserved.

INTERROGATORY NO. 10: Identify the person(s) responsible for maintaining safety on the day of the Plaintiff's fall in the outdoor or equipment display areas at the store during the week of the incident.

INTERROGATORY NO. 11: State the name, address and telephone number of all persons known to you, your attorneys or anyone acting on your behalf who: (a) were, or claimed to have been, eyewitnesses to the accident which is the subject of Plaintiffs' Complaint; (b) have, or claim to have, knowledge of any events leading up to or following the accident which is the subject of Plaintiffs' Complaint; and (c) may be called as a witness at trial of this cause.

**EXHIBIT "1"**

INTERROGATORY NO. 12: If it is the contention or allegation of LOWE'S HOME CENTERS, LLC that CHRISTOPHER JOSEPH HUDSON, by any act or omission, caused or contributed to cause his injuries, please state in detail each act or omission by him which is contended or alleged to cause, or attributed to cause, his injuries.

INTERROGATORY NO. 13: Please state any facts on which you rely as tending to show any negligence or lack of care of any kind on the part CHRISTOPHER JOSEPH HUDSON.

INTERROGATORY NO. 14: Are you or your attorney aware of the existence of any written or recorded statements made by or for any party or witness pertaining to the facts of this case? If so, please state: (a) the name of each person making the statement; (b) the date of the statement; (c) the name, employer, occupation, last known address and telephone number of the person or persons making this statement; and (d) the name, last known address and telephone number of the person now in possession of the original statement or a copy of it.

INTERROGATORY NO. 15: State the name, address and telephone number of each person you or your attorney expect to call as an expert witness at trial, and for each such person state: (a) the subject matter on which the expert is expected to testify; (b)the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion; (c) the expert's field of specialization and a description of his/her formal education, training and experience.

INTERROGATORY NO. 16: Was an investigation conducted by you or on your behalf concerning the accident as described in the Complaint? If so, please state: (a) the name, address, telephone number and occupation of each and every person conducting such investigation; (b) the date on which each investigation was conducted; and (c) the name, address and telephone

number of each and every person having custody of each report made concerning each

investigation at the scene.

INTERROGATORY NO. 17: Were any photographs or videotapes (or any videos of the

fall or the Plaintiff before or after the fall that day) made or taken with respect to the scene of the

incident or were any person, including you, involved in the incident as described in the

Complaint? If so, please state: (a) what is depicted in each photograph or videotape; (b) the

name, address and telephone number of the person who took each photograph or videotape; (c)

the date each photograph and/or videotape was taken; and (d) the name, address and telephone

number of the person now having custody of each photograph or videotape.

INTERROGATORY NO. 18: State whether you have been a party to any legal

proceeding, other than the subject one, either before or after the subject incident specifically

within the last five (5) years related to a similar subject accident at Lowe's Home Centers, LLC.

If the answer is in the affirmative, provide the cause number, style, court, agency or other forum

in which you were a party and, to the best of your recollection, state the date on which the action

was filed, commenced and/or terminated.

INTERROGATORY NO. 19: Identify each document or tangible item which you contend

contains information relevant to any fact, transaction or occurrence which you contend supports

or gives rise to the allegations of the Complaint or Answer, identifying the basic facts or

allegations you contend each identified document or tangible item supports or documents.

INTERROGATORY NO. 20: State any and all facts on which you base each of your

affirmative defenses.

INTERROGATORY NO. 21: Identify all documents relied upon in responding to these

Interrogatories.

**EXHIBIT "1"**

INTERROGATORY NO. 22: Identify all persons by name, address, telephone number and place of employment who assisted you in responding to these Interrogatories and identify the respective role of each person.

INTERROGATORY NO. 23: Describe in detail your policies and procedures for inspecting, maintaining and repairing the area where the accident occurred, which is the subject of this Complaint.

INTERROGATORY NO. 24: Describe the training all your employees have received within the last twenty years in inspecting, maintaining and repairing the display or securing of lawnmowers or large outdoor equipment.

INTERROGATORY NO. 25: Were any warning signs, caution tape, or other devices present on or near and at the time where the accident which is the subject of this Complaint occurred? If yes, describe in detail: 1. what type of warning device was displayed; 2. where the warning device was located; 3. when and for how long the warning device was displayed; and 4. The purpose for the warning device.

INTERROGATORY NO. 26: Describe all warnings or cautions you used to notify customers of the unsafe conditions near the display of lawnmowers or large outdoor equipment.

## PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: All documents and things you or your attorney referred to, inspected, reviewed or relied upon in any manner in preparing your response to Plaintiff's First Set of Interrogatories or which in any way support your responses to such Interrogatories.

REQUEST FOR PRODUCTION NO. 2: All statements taken by you or on your behalf from any and all parties or other persons with knowledge concerning the facts of this action.

REQUEST FOR PRODUCTION NO. 3: All photographs, slides, motion pictures, video pictures, or other visual portrayals made of the scene of the incident either prior to, at the time of, or subsequent to the subject incident as described in the complaint (including all videos of my client at Lowe's on the day of his fall).

REQUEST FOR PRODUCTION NO. 4: Produce all documents, incident reports, internal memos, customer complaints, or employee statements pertaining to cables in the lawnmower area related to the alleged incident on April 9, 2025, which is the subject of this Complaint.

REQUEST FOR PRODUCTION NO. 5: All diagrams or layouts, photographs, slides, or other visual portrayals made of the stores outdoor display area where the lawnmowers or cables were located either prior to, at the time of, or subsequent to the subject incident as described in the Complaint.

REQUEST FOR PRODUCTION NO. 6: All maintenance or safety inspection records for the subject area where the incident occurred for the 30 days preceding the incident.

REQUEST FOR PRODUCTION NO. 7: Any contracts, work orders, or agreements with third-party vendors or contractors responsible for setting up or maintaining the equipment display where the incident occurred.

REQUEST FOR PRODUCTION NO. 8: All documents identifying employees or staff members who were assigned to work in or supervise the outdoor/lawn equipment area on the date of the incident.

REQUEST FOR PRODUCTION NO. 9: All prior claims, complaints, or incident reports involving trip hazards, cables, or similar display-related injuries at any Lowe's store within the past five (5) years.

REQUEST FOR PRODUCTION NO. 10: Preservation notices, emails, or directives instructing employees to retain evidence or materials related to the Plaintiff's claim.

REQUEST FOR PRODUCTION NO.11: All documents, tangible things or other demonstrative evidence that you intend to offer or use at the trial of this case, including for any impeachment purposes.

REQUEST FOR PRODUCTION NO. 12: All reports, notes or other documents prepared by any expert employed by you or on your behalf concerning the incident, the incident scene, the cause of the incident as described in the Complaint, and any materials relied upon by such expert in formulating his or her opinion.

REQUEST FOR PRODUCTION NO. 13: Copies of any signage, warnings, or markers that were placed in or around the area of the incident at the time it occurred.

REQUEST FOR PRODUCTION NO. 14: Produce all documents, which support the facts and responses in your Answer to the Complaint.

REQUEST FOR PRODUCTION NO. 15: Produce a copy of policies, practices and procedures for inspecting, maintaining or repairing the cables or other equipment used for securing lawnmowers or outdoor equipment.

REQUEST FOR PRODUCTION NO. 16: Produce all written policies, procedures, or training materials regarding customer safety, equipment displays, and the use of cables or barriers at any Lowe's location.

REQUEST FOR PRODUCTION NO. 17: Produce all maintenance or safety inspection records, documents, or logs related to the subject incident involving the cables or securing of lawnmowers or outdoor equipment.

REQUEST FOR PRODUCTION NO. 18: Any and all insurance agreements or policies which any person or entity carrying any insurance coverage may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

REQUEST FOR PRODUCTION NO. 19: All diaries, calendars and/or other similar documents kept by you or anyone on your behalf to record any of the events which are relevant to the allegations in the subject Complaint.

REQUEST FOR PRODUCTION NO. 20: Any and all reports and investigations of the subject incident.

REQUEST FOR PRODUCTION NO. 21: Any and all reports, investigation, inspections, repairs or history of the cables or equipment used to secure lawnmowers and outdoor equipment where this incident occurred.

REQUEST FOR PRODUCTION NO. 22: Any records of reports reflecting the action taken by you regarding the repairs or history of the cables or equipment used to secure lawnmowers or outdoor equipment. If none taken, why not?

REQUEST FOR PRODUCTION NO. 23: Provide copies of Diaries, Inspection Forms, Weekly, Monthly, and Annual Inspection Logs, Forms or computer listings showing the inspections which LOWE'S HOME CENTERS, LLC is required to make on outdoor equipment. Provide the completed forms with dates, location, inspector comments, for the subject area where Plaintiff was injured for past 10 years.

REQUEST FOR PRODUCTION NO. 24: Provide copy of the instructions to LOWE'S HOME CENTERS, LLC employees including classroom training material which described to each employee what they were to document, photograph, video, log, or visual observations of the

subject area and all other means which LOWE'S HOME CENTERS, LLC used or should have used to prevent the tragedy at this location.

REQUEST FOR PRODUCTION NO. 25: Provide copies of all sent and received emails pertaining to this incident.

*You may comply with these Requests for Production of Documents by delivering the aforesaid items, documents and things to the offices of the undersigned or by notifying the undersigned that said items and things are available for inspection and copying at a reasonable time and place.*

**I respectfully request that all documents produced in response to the above Requests for Production of Documents be bates stamped/labeled and that the Responses to the Requests for Production of Documents above identify the responsive documents by said bates stamps/labels.**

Respectfully submitted,

ANDY CITRIN INJURY ATTORNEYS, P.C.
*Attorney for David Cedric Catchings, Plaintiff*

BY:    */s/Michael L. Fondren*
Michael L. Fondren, MSB # 8941
Andy Citrin Injury Attorneys, P.C.
906 Convent Avenue
Pascagoula, MS 39567
(228)888-8822 Telephone
(251)888-8000 Facsimile
michael@citrinlaw.com

## INSTRUCTIONS

1.      You are requested to furnish all information in your possession and all information available to you, not merely such information as is of your own personal knowledge but also all knowledge that is available to you through employees, officers, directors, and agents by reasonable inquiry, including inquiry of your representatives and attorneys.

2.      The term "identify" or "identified" when used with reference to a document shall mean to provide so much of the following information about said document as is known to you or reasonably ascertainable by you:

    a.  The date of such document.

    b.  The author of such document.

    c.  The recipient of such document.

    d.  All addressee(s) and the address(es) to whom the document was sent (if any).

    e.  The name of the present custodian of the document.

    f.  The address of the present whereabouts of the document.

    g.  A detailed summary of the subject matter of such document.

    h.  A complete listing of any document or recording which was attached to, referred to or was the subject matter of said document.

    i.  A statement as to whether such document has ever been produced or disclosed by you.

    j.  If you assert any privilege with respect to said document, a statement of the factual and legal basis for said assertion of privilege, with the same clarity and in the same detail that you would present such assertion of privilege to the court in defense of said privilege.

3.    The word "document", whether used in the singular or plural, when used herein shall be interpreted in its broadest sense, and shall include any original, reproduction or copy of any kind of writing or documentary material, including without limitation, correspondence, letters, memoranda, interoffice communications, e-mail, notes, diaries, contracts, drawings, plans, specifications, fax communications, shipping records, bills of lading, minutes of meetings, invoices, billings, checks, reports, studies, articles, books, telegrams, notes of telephone conversations, computer discs, computer tapes and any other physical recordation of any and all communications and every other means of recording or preserving any tangible information, which employs the use of letters, words, pictures, symbols or any combination thereof.

4.    If you are unable to answer any of the following interrogatories or requests for production completely, you should answer to the extent possible and should state, in detail, the reason that your answer is incomplete or the reason that you are unable to answer the question(s) or produce the requested documents or records.

5.    The Plaintiff also hereby makes a demand for the supplementation of all responses to these Interrogatories and Requests for Production required in accordance to the *MS Civil Rules of Procedure*. Specifically, the Defendant is under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect as made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment. Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days of receipt of such information.

6.    Plaintiff(s) also HEREBY REQUEST THAT ALL DOCUMENTS PRODUCED IN RESPONSE TO THE FOLLOWING INTERROGATORIES AND REQUESTS FOR

EXHIBIT "1"

PRODUCTION BE BATES STAMPED; AND, FOR EACH INTERROGATORY ELICITING A RESPONSE WHICH REFERS TO ANY DOCUMENT THAT THE RESPONSIVE DOCUMENTS BE IDENTIFIED BY REFERRING TO THEIR RESPECTIVE BATES STAMP NUMBERS.

**EXHIBIT "1"**

**PROOF OF SERVICE**

---

NAME: **Lowe's Home Centers**

CAUSE NO. **25-195**

I, **Charles Lindsay** the undersigned process server, served the **SUMMONS & COMPLAINT** upon the person or entity named above in the manner set forth below

X    PERSONAL SERVICE. I personally delivered copies of the **SUMMONS & COMPLAINT** to **Lowe's Home Centers c/o CSC c/o Robbie Key** *on 09-02-25* where I found said person(s) in Madison County of State of **MISSISSIPPI.**

—

*Process server* **Name: Charles Lindsay**
**Address: P. O. Box 1656 Brandon, MS 39043**
**Telephone:  (601) 941- 6348**

STATE OF MISSISSIPPI
COUNTY OF RANKIN

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named **CHARLES LINDSAY**, who being first duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the **3rd day of September 2025**

NOTARY PUBLIC

My Commission Expires: 3-1-29

*STATE OF MISSISSIPPI*
*JASON SMITH*
*ID# 289851*
*NOTARY PUBLIC*
*Comm. Expires*
*March 1, 2029*
*RANKIN COUNTY*